The Honorable Carol Billings, City Attorney 200 E. 8th Avenue, Suite 203 Pine Bluff, AR 71601
Dear Ms. Billings:
You have requested an Attorney General opinion, pursuant to A.C.A. §25-19-105(c)(3)(B), concerning the release of certain records under the Freedom of Information Act (FOIA) (A.C.A. § 25-19-101 through -107).
You state that the City of Pine Bluff has received a request for information contained in exhibits submitted to the city's Civil Service Commission during a disciplinary hearing. The hearing concerned the appeal of a suspension and other discipline that was imposed upon an officer who was accused of committing sexual harassment. The matter was presented to the Commission in the form of stipulated facts and exhibits. The local newspaper has requested copies of the stipulated facts and attached exhibits. You have provided the newspaper with the stipulated facts, but have determined that the attached exhibits are exempt from release under the FOIA because they constitute employee evaluation/job performance records of the suspended officer. It is my understanding that the Commission has not yet rendered its decision in this matter.
You have provided me with copies of the records in question. They consist of the following:
 • A transcript of a taped conversation, created as a part of an investigation into the allegation of sexual harassment
 • A cover letter from the EEOC that was enclosed with a Notice of Charge of Discrimination, stating a response deadline
 • The EEOC's Notice of Charge of Discrimination, requesting certain information
 • A cover letter that was enclosed with the City's Response to the EEOC's Charge of Discrimination
• The City's Response to Charge of Discrimination
 • A letter to the officer in question, notifying him of his suspension and other discipline
I am directed by law to issue an opinion as to whether your determination, as the custodian of the records, regarding the release of the requested records is consistent with the FOIA. It is my opinion that with the exception of the letter notifying the officer of his suspension, your decision not to release the requested records was consistent with the FOIA. It is my opinion that the letter notifying the officer of his suspension should be released. These conclusions are explained more fully below.
The Transcript
It is my opinion that you are correct that the transcript of the taped conversation should not be released to the public, because it constitutes an "employee evaluation/job performance record" of the suspended officer. I have previously taken the position that records that were generated as part of an investigation of allegations of the misconduct of an employee, and that detail incidents that gave rise to an allegation of misconduct, should be deemed the "employee evaluation/job performance records" of that employee. See Op. Att'y Gen. No. 2000-203. Indeed, I have previously determined in the context of another FOIA request that this particular transcript is such a record and should not be released.Id.
"Employee evaluation/job performance records" are exempt from disclosure to the public unless the following three conditions have been met: (1) There has been a final administrative resolution of any suspension or termination proceeding; (2) The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and (3) There is a compelling public interest in the disclosure of the records in question. A.C.A. § 25-19-105(c)(1). Because the Commission has not yet rendered its decision in this matter, there has not been "a final administrative resolution" of the officer's suspension, and the three conditions that must be met for release of these records have not been met. This transcript therefore must not be released.
I also note that this transcript may be protectable under a constitutional privacy standard. The Arkansas Supreme Court has recognized that the constitutional right of privacy can supersede the specific disclosure requirements of the FOIA, at least with regard to the release of documents containing constitutionally protectable information. See McCambridge v. City of Little Rock, 298 Ark. 219,766 S.W.2d 909 (1989). The McCambridge court held that a constitutional privacy interest applies to matters that: (1) an individual wants to and has kept confidential; (2) can be kept confidential but for the challenged governmental action in disclosing the information; and (3) would be harmful or embarrassing to a reasonable person if disclosed. The transcript contains information that may rise to this level of privacy. A determination of whether this transcript rises to the level of constitutional protection is largely a question of fact. If such a factual determination is made, the record should not be released, even after there has been a final administrative resolution of the suspension decision.
The EEOC Records
It is my opinion that you are correct that all of the EEOC-related records should not be released.
The City's Response to Charge of Discrimination is clearly not releasable under the FOIA, because it contains direct recitations from the records that are otherwise not releasable, as explained above.
Although it is not as clear that the EEOC's Notice of Charge of Discrimination (and the related cover letters) are not releasable, it is my opinion that they should not be released. The FOIA provides that records are exempt from disclosure under the FOIA if they are exempt from disclosure under other laws. The pertinent provision of the FOIA states: "Except as otherwise specifically provided by this section or by lawsspecifically enacted to provide otherwise, all public records shall be open to inspection and copying[.]" A.C.A. § 25-19-105(a).
Under the confidentiality provision of Title VII [see42 U.S.C. § 2000e-5(b)], and under the federal Privacy Act [see5 U.S.C. § 552a et seq.], records relating to an EEOC proceeding are not releasable by other agencies to whom they are released by the EEOC. Although it is not entirely clear whether these federal law prohibitions extend to local governments as well as to federal agencies, they could be interpreted to extend to local governments. Because of this possible interpretation, it is my opinion that these prohibitions against release qualify as exemptions from disclosure under other laws, within the meaning of the FOIA. Moreover, because the penalties for violations of these federal laws are severe, it is my opinion that these records should not be released.
The Letter Notifying the Officer of Suspension and Other Discipline
It is my opinion that the letter notifying the officer of his suspension and other discipline should be released. This record does not, in my opinion, constitute an employee evaluation/job performance record, because it does not detail any incidents that gave rise to the suspension. See
Ops. Att'y Gen. Nos. 2000-203; 97-400. Although this letter does, in my opinion, constitute a personnel record of the suspended officer, it does not contain any personal information about this officer, and therefore is not subject to the exemption from disclosure that is available for personnel records.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh